869 P.2d 170

**In the Matter of A Member of the State Bar of Arizona, L. Alton RIGGS, Jr., Respondent.**

No. SB–94–0020–D.
Comm. No. 93–0046.

Supreme Court of Arizona.

Feb. 16, 1994.

Stephen H. Scott, Phoenix, for respondent.

Yigael M. Cohen, State Bar Counsel, Phoenix.

Harriet L. Turney, Chief Bar Counsel, State Bar of Arizona, Phoenix.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that L. ALTON RIGGS, JR., a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against L. ALTON RIGGS, JR. for costs incurred by the State Bar of Arizona in the amount of $292.80, together with interest at the legal rate from the date of this judgment.

EXHIBIT A

BEFORE THE DISCIPLINARY COMMISSION

OF THE

SUPREME COURT OF ARIZONA

In the Matter of L. Alton Riggs, Jr., a Member of the State Bar of Arizona, Respondent.

Comm. No. 93–0046

*DISCIPLINARY COMMISSION REPORT*

Filed Jan. 13, 1994.

This matter came before the Disciplinary Commission of the Supreme Court of Arizona for oral argument on November 13, 1993, on an agreement for discipline by consent, pursuant to Ariz.R.S.Ct., Rule 56(a). The agreement, providing for censure and probation, was tendered prior to the issuance of a formal complaint, and was reviewed by the Commission without referral to a hearing committee, pursuant to Rule 53(b).[1]

### Decision

After consideration of the oral argument of the respondent, L. Alton Riggs, Jr. ("Riggs") and the State Bar, and review of the record on appeal, the Commission, by a vote of seven to two,[2] recommends acceptance of the agreement for discipline by consent provid-

---

1. Rule 56(a) provides that a respondent may tender a conditional admission of a charge in exchange for a stated form of discipline other than disbarment. Rule 53(b) further provides that when an agreement for discipline is filed prior to the issuance of a formal complaint, it shall be submitted directly to the Commission for review.

2. Commissioners Bossé and Greer dissented, in the belief that the conduct warrants a more severe sanction.

ing that Riggs be censured and placed on probation for a period of one year, under the terms and conditions set forth below. A concurrence of seven members of the Commission also adopts the tender of conditional admissions and agreement for discipline by consent and the joint memorandum in support of the agreement for discipline by consent as its findings of fact and conclusions of law.

### Terms of Probation

The majority of the Commission recommends probation for a period of one year, as previously stated, under the following terms and conditions:

1. Riggs shall seek assistance from the State Bar's Law Office Management Assistance Program ("LOMAP") and, thereafter, shall follow the recommendations issued by the director of LOMAP, which shall be incorporated by reference into the Tender of Conditional Admissions and Agreement for Discipline By Consent, dated October 27, 1993.

2. A financial monitor shall be appointed and approved by the State Bar who will oversee Riggs' financial affairs, including his trust and operating accounts, and who will submit quarterly reports to the State Bar regarding the manner in which Riggs is handling his financial affairs.

3. Riggs shall pay all costs incurred by the State Bar in connection with these proceedings and shall pay all reasonable costs incurred in connection with his referral to LOMAP.

### Facts

Riggs was a personal friend and attorney of Client A before her death on December 11, 1987. A few weeks after her death, Riggs was appointed personal representative of Client A's estate. Riggs was also named as the trustee of a trust established by Client A for the benefit of her son, who was virtually the sole beneficiary of her estate. The estate had an approximate value of $219,000.

With the exception of the real property owned by the estate, Riggs liquidated the estate assets and transferred the funds into his office trust account. This non-interest-bearing trust account contained not only funds belonging to other clients, but also money belonging to Riggs, himself.

Riggs' failure to deposit the trust funds into a separate, interest-bearing account, and the commingling of the trust assets with other funds was not discovered for nearly five years. Upon discovering that the funds had been sitting dormant in a non-interest-bearing account for this length of time, the attorneys for Client A's son petitioned the court for the removal of Riggs as personal representative and trustee. The court did so on December 17, 1992.

On January 21, 1993, Client A's son filed suit against Riggs. The lawsuit was settled a few months later, with Riggs fully compensating the son and the estate for any losses which resulted from Riggs' mishandling of the estate. Riggs had cooperated fully with the attorneys for Client A's son in an effort to resolve the matter equitably. The estate received $149,500 as a result of the settlement, which included the interest the funds would have earned had they been deposited into the proper account when first received by Riggs.

Apparently, part of the delay in resolving this matter arose when Riggs was diagnosed with cancer and underwent surgery in November 1992. Once he was released from the hospital, Riggs completed the transfer of the estate assets to the son, and has since fully cooperated with the son's attorneys.

The State Bar and Riggs conditionally agreed that this conduct violated ER 1.15 and Supreme Court Rules 43 and 44.

### Discussion of Decision

The Commission agrees that Riggs' actions violated ER 1.15, and Supreme Court Rules 43 and 44, which address proper handling of client property and lawyer trust accounts.

In determining the appropriateness of a disciplinary sanction, the Commission finds it helpful to review the American Bar Association's *Standards for Imposing Lawyer Sanctions*. This is the guideline used by the

**496**

supreme court. *In re Rivkind,* 164 Ariz. 154, 157, 791 P.2d 1037, 1040 (1990).

Standard 4.1 addresses the failure to properly deal with client property. Standard 4.12 provides for suspension when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client. Standard 4.13 provides for reprimand (censure in Arizona) when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client.

Riggs has indicated that his failure to properly follow trust account procedures was not an intentional act. He admits it was the result of his own ignorance of the rules. Ignorance of the rules is clearly no excuse for a lawyer's failure to comply with those rules; however, in this instance, the majority of the Commission believes it indicates that Riggs' conduct was negligent, rather than intentional, leading the majority to conclude that a censure is appropriate.

Standard 9.32 lists factors to be considered in mitigation. Riggs has no prior disciplinary record, he had no dishonest or selfish motive, he has made a timely good faith effort to make restitution or to rectify consequences of the misconduct, and he has made full and free disclosure and exhibited a cooperative attitude during the disciplinary proceedings, as evidenced by his willingness to enter into the agreement prior to the filing of a complaint. Since these events occurred, Riggs has familiarized himself with the rules concerning trust accounts, and has adjusted his accounts accordingly. He has also earned an excellent reputation through his active involvement in his community. Finally, Riggs has exhibited remorse for his negligent conduct.

The only aggravating factor, as listed in Standard 9.22, is substantial experience in the practice of law. Riggs has been practicing for over thirty years, since 1961. When considered in conjunction with his clean disciplinary record, however, the majority of the Commission cannot find this to be an aggravating factor.

At the time these events occurred, Riggs' office and financial management practices were sloppy and inadequate. His failure to deposit the estate assets into a separate, interest-bearing account and his failure to distribute the funds for nearly five years resulted from these careless practices. The probationary terms recommended · in this matter include the assistance of LOMAP as well as a financial monitor. The majority of the Commission believes that these terms will prevent those office and financial management problems from recurring.

The majority also believes that the numerous mitigating factors present, when considered in conjunction with Standard 4.13, make it clear that a sanction more severe than censure would be inappropriately harsh in this matter. The goal of lawyer discipline is not to punish the lawyer but to deter similar conduct by other lawyers. *In re Fresquez,* 162 Ariz. 328, 783 P.2d 774 (1989). The majority of the Commission believes that the imposition of a censure and a one-year probation, with terms specifically crafted to address the problems that led to the misconduct, will accomplish that goal.

/s/ Steven L. Bossé
STEVEN L. BOSSÉ,
Chairman
Disciplinary Commission